# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

CHESTER B. HARRIS, JR. # 2163089,   *
            *
  Plaintiff,   *
            *
v.     *   Civil Action No. PWG-14-217
            *
BALTIMORE CITY DETENTION CENTER, *
            *
  Defendant.   *
          ***

## MEMORANDUM

Chester B. Harris, Jr.'s Complaint filed pursuant to 42 U.S.C. § 1983, as supplemented and construed liberally, raises a claim of denial of access to the courts. Harris claims that while detained at the Baltimore City Detention Center between June of 2013 and February of 2014, he was denied access to legal materials. He alleges that he represented himself at trial and was convicted in the Circuit Court for Baltimore City due to allegedly inadequate access to legal materials. Additionally, he claims he was unaware of the deadline for filing a Motion for New Trial because of inadequate library resources and access. As relief, Harris seeks $60,000, the amount he could have potentially earned in 2013 and includes his pain and suffering. Compl. 2.

It appears Harris is referring to Criminal Action 813206022 (Circuit Court for Baltimore City). In that case, Harris was convicted of second-degree assault and sentenced to probation after conviction. *See* Compl., ECF 1; Supp., ECF No. 4. Public documents on the Maryland Judiciary case search website indicate an appeal has been filed in that case.

When construing his Complaint liberally, it appears that after the denial of legal materials, Harris complained to Asst. Warden Oliver and was told to file a grievance. *See* Compl. 1. He filed the grievance on September 16, 2013, *id.*, which was denied on October 29,

2013, Decision Letter 1, Supp. Ex. p. 1, ECF No. 4-1. Harris petitioned for the Circuit Court's review, which was assigned Civil No. 24-C-13-008345AA. Notice 1, Supp. Ex. p. 2.

Harris's Motion to Proceed in Forma Pauperis demonstrates he is eligible to proceed as an indigent, and will be granted by separate order.

The court is required to screen prisoner complaints filed in forma pauperis and dismiss claims that fail to state a claim on which relief may be granted. 28 U.S.C. §1915(e)(2)(B)(ii). In undertaking this review, this court is mindful that it must liberally construe documents filed by self-represented litigants. *See, e.g., Estelle v. Gamble*, 429 U.S. 97 (1976); *Erikson v. Pardus*, 551 U.S. 89, 94, 127 (2007). Even under this less stringent standard, Harris's Complaint is subject to summary dismissal.

As a preliminary matter, the court notes that the Baltimore City Detention Center is not a proper defendant in a § 1983 action, for which a plaintiff must allege injury by a "person" acting under color of state law. *See* 42 U.S.C. § 1983; *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 & n.55 (1978) (noting that for purposes of § 1983 a "person" includes individuals and "bodies politic and corporate"); *see generally* 5 Charles Alan Wright, *et al., Fed. Prac. & Proc.* § 1230 (2002).

> [S]everal courts have held that inanimate objects such as buildings, facilities, and grounds do not act under color of state law. *See Allison v. Cal. Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969) (California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); *Preval v. Reno*, 57 F. Supp. 2d 307, 310 (E.D. Va. 1999) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Additionally, use of the term "staff" or the equivalent as a name for alleged defendants, without the naming of specific staff members, is not adequate to state a claim against a 'person' as required un section 1983 actions.

*Brownlee v. Williams*, No. 2:07-0078 DCN RSC, 2007 WL 904800, at *2 (D.S.C. Mar. 22, 2007). Likewise, an "Administration" or a "group of personnel" also "is not a 'person for

2

purposes of § 1983." *See Jones v. Nw. Reg. Adult Detention Ctr.*, No. 7:12-cv-365, 2012 WL 6564486, at *1 n.2 (W.D. Va. Dec. 17, 2012) (citing *Ferguson v. Morgan*, No. 1:90cv06318, 1991 WL 115759, at *1 (S.D.N.Y. June 20, 1991)).

On February 4, 2014, I ordered Plaintiff to supplement his Complaint to state "1) the name of the person or persons who allegedly denied him legal materials and the dates; 2) specific reasons why the actions alleged caused him to miss a filing deadline and otherwise prejudiced his case; and 3) whether he was represented by counsel at his criminal proceeding." Order, ECF No. 3. In his Supplement, Plaintiff makes clear that he was self-represented, but gives a seven-month window in which the denial allegedly occurred. More importantly, Plaintiff failed to provide the names of any defendants who properly can be sued under § 1983. He continues to allege that the deprivation was made by "BCDC Administration," Supp. 3, which, as explained above, is not a "person" amenable to suit under § 1983.

Additionally, Harris's claim for damages is premature. The Supreme Court has held "[w]here success in a prisoner's § 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Muhammad v. Close*, 540 U.S. 749, 751 (2004) (citing *Heck v. Humphrey*, 512 U.S. 477 (1994)). "In order to recover damages for an allegedly unconstitutional conviction or imprisonment or for other harm whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must demonstrate that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254." *Heck*, 512 U.S. at 486–87. In this case, it appears

that Harris has appealed his conviction, but Harris provides no evidence that his conviction, sentence, or violation of probation was invalidated. Consequently, this claim must be dismissed.

For these reasons, the case will be dismissed by separate order.

03/13/14
Date

Paul W. Grimm
United States District Judge